IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-000826-BNB

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 1 8 2009

GREGORY C. LANGHAM
CLERK

COREY A. SHIVELY,

Plaintiff,

v.

ADAMS COUNTY, COLORADO,
LARAE, The Clerk to Judge Harlan R. Bockman, (Initials L.L.S.), Individual and Official
    Capacity,
COLORADO ADULT BOARD OF PAROLE, A State Agency of Colorado,
MATT ROCK, Parole Officer, Individual and Official Capacity,
COLORADO DEPARTMENT OF CORRECTIONS,
ARI ZAVARUS, Director, and
LARRY BRONES, Case Manager at Delta Correctional Facility, Individual and Official
Capacity,

Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff Corey A. Shively currently resides in Denver, Colorado. He initiated this civil rights action on April 3, 2009, by submitting a Complaint to the Court. Magistrate Judge Boyd N. Boland reviewed the merits of the claims, determined that Mr. Shively failed to assert personal participation by named Defendants, and entered an order on April 29, 2009, instructing him to file an Amended Complaint. On May 29, 2009, Mr. Shively filed an Amended Complaint.

The Court must construe Mr. Shively's Amended Complaint liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. The action will be dismissed in part and drawn in part.

In the Amended Complaint, Mr. Shively asserts that he was falsely imprisoned in violation of his constitutional rights. Mr. Shively seeks money damages. The claims Mr. Shively asserts against Defendants Matt Rock, Larry Brones, and Ari Zavarus will be drawn to a district judge and to a magistrate judge.

Magistrate Judge Boland instructed Mr. Shively in the April 29, 2009, Order, that he may not sue the Colorado Department of Corrections or the Colorado Adult Board of Parole. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Medical Center*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The

Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Com'n*, 328 F.3d 638, 644 (10th Cir. 2003). Therefore, Defendants Colorado Adult Board of Parole and Colorado Department of Corrections will be dismissed as parties to the action.

In addition, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Shively cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694. Therefore, Defendant Adams County will be dismissed as a party to the action.

Furthermore, Defendant Larae, as clerk to Judge Harlan R., Bockman, enjoys absolute judicial immunity when performing a "judicial act." *See Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002). Preparation of a court document, such as a mittimus, is a judicial act of the court, and Defendant Larae is immune from suit for any part played in processing the mittimus. Defendant Larae will be dismissed from the action. Accordingly, it is

ORDERED that Defendants Adams County, Larae, Colorado Adult Board of Parole, and Colorado Department of Corrections are dismissed from the action. It is

3

FURTHER ORDERED that the Clerk of the Court shall remove Defendants Adams County, Larae, Colorado Adult Board of Parole, and Colorado Department of Corrections from the docketing record as parties to this action. It is

FURTHER ORDERED that the claims asserted against Defendants Matt Rock, Ari Zavarus, and Larry Brones shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 17 day of June, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00826-BNB

Corey A. Shively
PO Box 2826
Denver, CO 80202

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 6/18/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk