IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   09-cv-00826-LTB-MJW


COREY A. SHIVELY,

Plaintiff,

v.


MATT ROCK,
LANE BRONES,
JULIE TOLLIS, and
ARI ZAVARAS,

Defendants.

---

**RECOMMENDATIONS ON
(1) MOTION TO DISMISS FIRST AMENDED COMPLAINT (DOC. 41) PURSUANT TO
FED.R.CIV.P. 12(B)(6) (Docket No. 45);
(2) PLAINTIFF'S MOTION TO MOVE FOR SETTLEMENT BASED ON
CONSTITUTIONAL VIOLATION (Docket No. 72);
and
(3) DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Docket No. 78)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**


This case was referred to the undersigned pursuant to an Order of Reference to

United States Magistrate Judge issued by Judge Lewis T. Babcock on June 23, 2009

(Docket No. 9).

**PLAINTIFF'S ALLEGATIONS**

The operative pleading is the plaintiff's Second Amended Complaint (incorrectly

labeled as the First Amended Complaint) (Docket No. 41), which was filed on

2

February 24, 2010, by counsel (who has since withdrawn - see Docket No. 73, Minute

Order allowing plaintiff's counsel to withdraw).  The pleading raises just one claim for

relief, namely for a violation of 42 U.S.C. § 1983 for an alleged deprivation of the

plaintiff's "liberty and his rights, privileges, and/or immunities secured by the

Constitution and laws."  (Docket No. 41 at 3).  Plaintiff asserts the following in that

pleading.

Defendant Matt Rock was plaintiff's Parole Officer, defendant Ari Zavaras was

the Executive Director of the Colorado Department of Corrections ("CDOC"), defendant

Lane Brones was the plaintiff's Case Manager, and defendant Julie Tollis was a staff

member of the CDOC Time Computation Office.

On June 21, 2006, plaintiff entered a guilty plea to a Class 6 Felony in Adams

County for an offense that occurred on June 23, 2005.  When he was sentenced on

January 4, 2007, Judge Bockman found that aggravating circumstances were present,

and plaintiff was sentenced to three years in the custody of the CDOC Executive

Director and was immediately remanded.  At that time, however, Judge Bockman also

awarded a one-year credit against the sentence, but it never appeared on the original

Mittimus.  Plaintiff served his complete CDOC sentence and was granted parole on

January 25, 2008, but he was not released to parole until March 3, 2008.  The record

was not corrected and the Judgment of Commitment was not amended until after a

hearing on June 4, 2008, before Judge Wasserman.  As a result of the defendants'

failures and refusals to credit plaintiff's sentence in accordance with Judge Bockman's

Order, plaintiff was wrongfully, unlawfully, willfully, recklessly, and/or intentionally

deprived of his liberty and liberty interests.  He was incarcerated within the CDOC and

then on parole for a combined total of approximately five months (153 days).

Plaintiff seeks compensatory damages in the amount of $500 per day for each day his liberty was restrained (totaling $76,500), reimbursement for five mandatory drug screens during his parole (totaling $60), reimbursement for 17 mandatory counseling classes during his parole (totaling $610), damages for lost income (approximately $30,000), punitive damages in the amount of $312,510, and reasonable attorney fees and costs.

## PENDING MOTIONS

Now before the court for a report and recommendation are the following three motions: (1) defendants' Motion to Dismiss First Amended Complaint (Doc. 41) Pursuant to Fed.R.Civ.P. 12(B)(6) (Docket No. 45), (2) the pro se plaintiff's Motion to Move For Settlement Based on Constitutional Violation (Docket No. 72), and the defendants' Motion for Summary Judgment (Docket No. 78).  Plaintiff, through counsel, filed a response to the motion to dismiss (Docket No. 60), and the defendants filed a reply (Docket No. 66).  No responses were filed to the other two motions.

A Final Pretrial Order has been entered (Docket No. 82).  Plaintiff is now proceeding without counsel.

The court has considered all of the above-mentioned motion papers as well as applicable Federal Rules of Civil Procedure and case law and the court's file.  The court now being fully informed, makes the following findings, conclusions, and recommendation.

In their motion to dismiss, defendants seek dismissal of the Amended Complaint (Docket No. 42) on the following grounds: (1) plaintiff's § 1983 claims fail because he

4

fails to allege a claim upon which relief can be granted because (a) plaintiff fails to

allege the violation of a substantive right, (b) the pleading is impermissibly vague, and

(c) it does not allege sufficient facts to establish that plaintiff was confined longer than

his sentence required; (2) in the alternative, the §1983 claims should be dismissed for

lack of personal participation; and (3) to the extent plaintiff seeks to assert tort claims for

wrongful confinement, his claims are barred by the Colorado Governmental Immunity

Act ("CGIA").

In his Motion to Move for Settlement Based on Constitutional Violation (Docket

No. 72), the now pro se plaintiff asks the court to

> settle this matter, not based on statutory laws but constitutional remedies.
> The defendants have stated that in the case of Edwards the case law is
> not supportive of the Plaintiff's [sic] claim base [sic] on the time of ruling.
> The Plaintiff states that in this matter and all other matters of its nature,
> that the Plaintiff was falsely imprisoned at the hands of stated defendants.
> The Plaintiff alerted each individual in their department, as well as
> personal capacities to the incorrect sentence being served.  All parties
> failed to remedy the situation until receipt of my final motion to cure the
> deficiency.  With this said, the Plaintiff pleads the court not sanction the
> Plaintiff on the grounds that this is not a frivolous matter.  However, if the
> courts view Plaintiff's case as meritless, the plaintiff requests notice be
> sent to the Plaintiff's stated address.

(Docket No. 72).

In their Motion for Summary Judgment (Docket No. 78), defendants assert (1)

that plaintiff fails to state a claim upon which relief can be granted because the

uncontroverted evidence shows that his sentence was calculated correctly under the

law in effect at the time he was serving his sentence; (2) in the alternative, the

defendants are entitled to qualified immunity with regard to the plaintiff's § 1983 claim;

(3) in the alternative, plaintiff's § 1983 claim should be dismissed for lack of personal

participation; and (4) in the alternative, to the extent that plaintiff seeks to assert tort claims for "wrongful confinement," his claims are barred by the CGIA.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor.  Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'"  Cutter v. RailAmerica, Inc., 2008 WL 163016, *2 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp., 550 U.S. at 545 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level."  Id.  "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . .  Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting

Bell Atlantic Corp., 127 S. Ct. at 1974).

Rule 56(a) provides that summary judgment shall be granted "if the movant

shows that there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party seeking summary

judgment bears the initial responsibility of informing the district court of the basis for its

motion, and identifying those portions of the pleadings, depositions, interrogatories, and

admissions on file together with affidavits, if any, which it believes demonstrate the

absence of genuine issues for trial." Robertson v. Board of County Comm'rs of the

County of Morgan, 78 F. Supp.2d 1142, 1146 (D. Colo. 1999) (citing Celotex Corp. v.

Catrett, 477 U.S. 317, 323 (1986); Mares v. ConAgra Poultry Co., 971 F.2d 492, 494

(10th Cir. 1992)). "Once a properly supported summary judgment motion is made, the

opposing party may not rest on the allegations contained in the complaint, but must

respond with specific facts showing the existence of a genuine factual issue to be tried. .

. . These facts may be shown 'by any of the kinds of evidentiary materials listed in Rule

56(c), except the mere pleadings by themselves.'" Southway v. Central Bank of Nigeria,

149 F. Supp.2d 1268, 1273 (D. Colo. 2001), aff'd, 328 F.3d 1267 (10th Cir. 2003).

However, "[i]n order to survive summary judgment, the content of the evidence that the

nonmoving party points to must be admissible. . . .  The nonmoving party does not have

to produce evidence in a form that would be admissible at trial, but '"the content or

substance of the evidence must be admissible."' . . .  Hearsay testimony that would be

inadmissible at trial cannot be used to defeat a motion for summary judgment because

'a third party's description of a witness' supposed testimony is "not suitable grist for the

summary judgment mill."'" Adams v. American Guarantee & Liability Ins. Co., 233 F.3d

1242, 1246 (10th Cir. 2000).

"Summary judgment is also appropriate when the court concludes that no reasonable juror could find for the non-moving party based on the evidence presented in the motion and response." Southway, 149 F. Supp.2d at 1273. "The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. . . . Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient . . . as are conclusory assertions that factual disputes exist." Id.; Robertson, 78 F. Supp.2d at 1146 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); quoting White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995)). "Evidence presented must be based on more than 'mere speculation, conjecture, or surmise' to defeat a motion for summary judgment." Southway, 149 F. Supp.2d at 1274. "Summary judgment should not enter if, viewing the evidence in a light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party." Id. at 1273.

Undisputed Facts. Plaintiff has not controverted the Statement of Facts contained in the defendants' motion summary judgment which are supported by the defendants' attached exhibits. Defendants have thus shown the following.

On January 24, 2007, in Adams District Court, in Case No. 05CR2144, plaintiff received a three-year sentence to the CDOC plus a one-year period of mandatory parole, which was required by statute. The Mittimus did not contain any presentence confinement credit ("PSCC"). Plaintiff began serving the incarceration portion of his sentence on January 29, 2007. Approximately thirteen months later, on March 4, 2008,

plaintiff was released to mandatory parole.  At that point, he had served only just over

one-third of the three-year period of incarceration portion of his sentence.  Once plaintiff

was released to parole in March 2008, the incarceration portion of his sentence was

deemed complete, and he was required to serve the one-year period mandatory parole.

A few months later, on June 4, 2008, the court amended the Mittimus and added one

year of PSCC.  Based on the Colorado Court of Appeal's decision in People v. Edwards,

165 P.3d 904, 906) (Colo. App. 2007), rev'd, Edwards v. People, 196 P.3d 1138 (2008),

defendant Tollis determined that because the plaintiff had already been released to

parole by the date that the Amended Mittimus was issued, the year of PSCC contained

on the Amended Mittimus was deemed moot and was not applied to the plaintiff's

mandatory parole.

Based upon plaintiff's release to mandatory parole on March 4, 2008, with

adjustments for earned time credit, plaintiff was projected to complete the mandatory

parole portion of his sentence on or about February 14, 2009.  Before that projected

date, however, on September 30, 2008, plaintiff served the CDOC with a copy of a

typed pleading entitled "Defendant's Motion for Corrected Time Computation to be

Applied to Present Mandatory Adult Parole for Immediate Discharge."  Although that

document was merely a motion and not an Order from the sentencing court, a staff

person in the Office of Time Computation mistakenly believed that it was a court Order.

Consequently, upon the instruction of defendant Tollis, defendant Rock promptly (but

erroneously) discharged the plaintiff from parole.

The calculation of an offender's sentence was and is performed by staff in the

office of Time/Release Operations, and the plaintiff's sentence was calculated by staff in

that office.  Defendant Zavaras, the CDOC Executive Director, had no personal involvement in the calculation of the plaintiff's sentence.  Defendants Rock and Brones were not employed in the office of Time/Release Operations and did not calculate the length of the plaintiff's sentence.

**Personal Involvement.**  "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."  Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997).  Here, defendants have shown that defendants Zavaras, Rock, and Brones had no personal involvement in the calculation of the length of the plaintiff's sentence or the determination of his release date.  Therefore, the plaintiff has failed to state a claim against these three defendants.

**Failure to State a Claim.**  Moreover, the undisputed evidence establishes that the plaintiff has failed to state a constitutional violation because based upon the law that was in effect at the time he was serving his sentence and while he was on mandatory parole, his sentence and parole release date were calculated correctly (and actually it appears he was earlier than required due to the erroneous interpretation of plaintiff's motion as a court order).

The CDOC must comply with any lawful order contained in or about a mittimus. See  People v. Grangruth, 990 P.2d 697, 698-701 (Colo. 1999); Craig v. People, 986 P.2d 951, 966 n.15 (Colo. 1999) Meridith v. Zavaras, 954 P.2d 597, 603 (Colo. 1998). Here, the original Mittimus did not contain any provision for PSCC.  Therefore, the defendants were not required to apply such credit when calculating the date plaintiff was to be released from confinement.

10

Furthermore, all during the time plaintiff was confined in the custody of the CDOC and out on mandatory parole, the law with respect to whether PSCC should be applied to mandatory parole time was the Colorado Court of Appeals' ruling in People v. Edwards, 165 P.3d 904, 906-07 (Colo. App. 2007), rev'd, Edwards v. People, 196 P.3d 1138 (2008).  In that case, the court found that  a "defendant has completed the confinement of his sentence by virtue of having been placed on mandatory parole. Once he [is] placed on mandatory parole, the balance of his sentence to incarceration [is] discharged. . . .  Thus, there is no period of confinement from which to deduct any additional presentence confinement. . . . [T]he award of additional [PSCC] would not alter the length of time defendant would have to serve for violation of his mandatory parole, even if his parole is revoked and he is returned to confinement. . . . [PSCC] relates only to the incarceration sentence and the computation of parole eligibility, not the length of a mandatory parole term which is specified by statute."  In accordance with the Edwards opinion, defendant Tollis did not apply to the plaintiff's mandatory parole the one-year period of PSCC that was ultimately contained in the Amended Mittimus.

It was not until December 2008, which significantly was a few months after plaintiff was discharged from parole and deemed to have completely served his entire sentence, that the Colorado Supreme Court reversed the Colorado Court of Appeals' ruling in Edwards.  The Colorado Supreme Court held that "an offender who has earned PSCC is entitled to have that credit deducted from his mandatory parole.  Contrary to the court of appeals' conclusion, the term 'sentence' as used in the PSCC statute . . . refers to the mandatory parole portion of a defendant's sentence, as well as the confinement portion of that sentence."  Edwards v. People, 196 P.3d 1138, 1139 (2008).

11

None of the defendants had any duty to act in accordance with a decision that had not yet been rendered and which was contrary to the existing decision of the Colorado Court of Appeals.  As correctly asserted by the defendants, at all times the plaintiff's sentence was calculated in accordance with the mittimuses and the case law in effect at the time.  Therefore, the plaintiff was not deprived of his liberty and has thus failed to state a constitutional claim.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the defendants' Motion for Summary Judgment (Docket No. 78) be **granted**.  It is thus further

**RECOMMENDED** that the defendants' Motion to Dismiss First Amended Complaint (Doc. 41) Pursuant to Fed.R.Civ.P. 12(B)(6) (Docket No. 45) be **denied as moot**.  It is further

**RECOMMENDED** that the pro se plaintiff's Motion to Move For Settlement Based on Constitutional Violation (Docket No. 72) be **denied**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the**

12

recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53

(1985), and also waives appellate review of both factual and legal questions.

<u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley</u>

<u>v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).


Date:  February 18, 2011                    s/ Michael J. Watanabe
       Denver, Colorado                     Michael J. Watanabe
                                            United States Magistrate Judge